CASE 11—INDICTMENT No. 3—DECEMBER 7.

# Commonwealth vs. Mitchell.

APPEAL FROM DAVIESS CIRCUIT COURT.

In an indictment against a jailer for voluntarily and willfully permitting the escape of a prisoner, the allegations that the peace officer who had the prisoner in his custody delivered him to the jailer, with the order of commitment, made out in writing, signed by the magistrate who rendered the judgment, in the manner prescribed by *section* 60, *Criminal Code*, were sufficient to constitute an indictable offense under *section* 2, *article* 16, *chapter* 28, 1 *Stanton's Revised Statutes*, 396. Whether the offense, of which the prisoner was charged, was a felony or a misdemeanor, it was nevertheless the duty of the jailer to take him into his custody, and keep him safely until he was lawfully discharged.

JOHN RODMAN, Attorney General,                    For Appellant,
CITED—
*Rev. Stat.*, sec. 2, art. 16, *chap.* 28, 1 *Stant.*, 396.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee was indicted in the Daviess circuit court, as jailer of said county, for voluntarily and willfully permitting the escape of a prisoner, who had been convicted of a misdemeanor by a court of competent jurisdiction, and who had been delivered to his custody, as jailer, with the order for his commitment. A demurrer was sustained to the indictment, and the Commonwealth has appealed.

The grounds upon which the demurrer was sustained by the court below have not been pointed out, and the court has failed to perceive any defect in the indictment.

Commonwealth vs. Mitchell.

It is therein alleged that the peace officer who had the prisoner in his custody delivered him to appellee with the order of commitment, made out in writing, signed by the magistrate who rendered the judgment, in the manner prescribed by *section* 60, *Criminal Code*. And whether the offense of which the prisoner was charged was a felony or a misdemeanor, it was nevertheless the duty of the jailer to take him into his custody, and keep him safely until he was lawfully discharged. It seems, therefore, that the facts alleged were sufficient to constitute an indictable offense under *section* 2, *article* 16, *chapter* 28, 1 *Revised Statutes*, 396.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the indictment, and for further proceedings consistent herewith.